**HARLEM SOCIAL CLUB, INC., Appellant-Appellee, v. BOARD OF LIQUOR CONTROL, Appellee-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5855. Decided February 18, 1958.

Chamblin, Morgan & Hunsinger, Paul O. Hunsinger, of Counsel, Columbus, for appellant-appellee.

William Saxbe, Atty. Genl., Chester Hummell, Asst. Atty. Genl., for appellee-appellant.

(HORNBECK, J, of the Second District, sitting by designation in the Tenth District.)

**OPINION**

By HORNBECK, J.

This is an appeal from an order of the Common Pleas Court reversing an order of the Board of Liquor Control which had affirmed an order of the Department of Liquor Control. The order of the Board was that the Class D-4 permit of permittee should be suspended for a period set out in the order.

At the outset, we note the three propositions urged orally by counsel for appellee.

1. That the judgment is not subject to an appeal to this court. An examination of the record discloses that matters were considered which shape the judgment and support the right of the Board to appeal.

2. That the charge was modified by the opening statement of the Assistant Attorney General. We cannot find that the observation made was of sufficient consequence to require the conclusion that the charge was to be restricted to a violation of a regulation of the Board. Manifestly, the Board did not so consider the statement.

3. Complete lack of proof. We are satisfied that there was a factual issue whether or not the finding that there had been a violation of the provisions of the Liquor Control Act by reliable, probative and substantial evidence.

The charge against the permittee was that on the date set out the permittee, its agent or employee did prevent, hinder, and obstruct officers of the law from making an inspection of the permit premises while in the lawful performance of their duty—in violation of provisions of the Liquor Control Act and the regulations of the Board of Liquor Control. The finding of the Board was that "the allegations of the Director of the Department of Liquor Control are well taken and supported by the evidence * * *." On the appeal to the Common Pleas Court, it was found that "the order of the Board is not in accordance with law."

At the time of the hearing on the appeal to the Board, counsel for the Director stated that the hearing proceeded upon a charge of violation of Regulation 62 of the Board of Liquor Control. An examination of the opinion of the Common Pleas Court judge who heard the appeal to that court discloses that the appeal was tried and determined upon the theory that the sole charge under review related to a violation of Regulation 62.

Regulation 62, insofar as pertinent to this appeal, provides:

"Any holder of a permit issued by the Department upon presentation of credentials by an investigator or inspector of the Department shall at all times immediately admit such investigator to the permit premises for any lawful purpose."

Sec. 4301.66 R. C., reads as follows:

"No person shall hinder or obstruct any agent or employee of the department of liquor control, or any officer of the law, from making inspection or search of any place, other than a bona fide private residence, where intoxicating liquor is possessed, kept, sold, or given away."

It will be noted that neither the charge nor the proof has any reference to Regulation 62. The charge makes no mention of an inspector or investigator of the Department nor does it follow the language of Regulation 62 in any particular. Both the charge and the evidence relate to the offense defined in §4301.66 R. C. The charge states that the violation offended both the provisions of the Liquor Control Act and the regulations of the Board of Liquor Control.

Insofar as the judgment of the Common Pleas Court relates to the offense alleged to be a violation of the regulations of the Board of Liquor Control, it is correct. However, it clearly appears that the other aspect of the charge to which the evidence was directed was given no considera-

tion in the Common Pleas Court. We make this determination from the written opinion of the trial judge, which we have a right to do by authority of **Andrews, Jr., etc. v. Board of Liquor Control, 164 Oh St 275.**

It is obvious, then, that inasmuch as one phase of the charge against the permittee was given no consideration by the Common Pleas Court, it should have that opportunity and pass upon the question whether or not the order of the Board, as related to a violation of the Revised Code was supported by reliable, probative, and substantial evidence.

The judgment as it relates to the charge of the violation of a regulation of the Board of Liquor Control will be affirmed. It will be reversed and remanded for consideration and determination of the appeal from the order of the Board of Liquor Control as it relates to the charge of a violation of the Liquor Control Act.

PETREE, PJ, MILLER, J, concur.