## Cleveland v. Stokes
*[Cite as 4 AOA 278]*

*Case No. 56629, 56630, 56631, 56632*
*Cuyahoga County, (8th)*
*Decided June 21, 1990*

*Patricia Blackmon, Esq., Chief City Prosecutor,*
*Richard A. Kray, Esq., Assistant City Prosecutor,*
*Justice Center , 8th Floor, 1200 Ontario Street,*
*Cleveland, OH 44113, for Plaintiff-Appellee.*

*Roger Stearns, Esq., 14900 Detroit Road, No. 310,*
*Lakewood, OH 44107, for Defendants-Appellants.*

MATIA, J.

Defendants-appellants, Michael Stokes, Deborah Lenin, Linda Smith, and Renee Gaffney, appeal from the judgment of the Cleveland Municipal Court which denied the appellant's joint motion to dismiss and found the appellant's guilty of a violation of R.C. 4301.66 (obstructing an inspection) upon a joint plea of no contest.

### I. THE FACTS
### A. THE DELICATESSEN

On May 15, 1988, two agents of the Ohio Department of Liquor Control investigated the after hours sale of alcoholic beverages at a delicatessen located at 1136 East 79 Street, Cleveland, Ohio. The appellants were all employees of the delicatessen.

### B. THE SALE OF BEER AFTER HOURS

At approximately 1:35 a.m., on June 15, 1988, on of the agents of the Department of Liquor Control entered the delicatessen and purchased a can of Colt 45 Malt Liquor (beer). The liquor permit issued to the delicatessen permitted the sale of beer until 1:00 a.m. The agent, upon making the purchase, exited the delicatessen but returned a few moments later with a second agent. The two agents identified

themselves as members of the Department of Liquor Control and attempted to inspect the delicatessen's liquor permit and also obtain the identities of the appellants. The appellants, who were located behind a glass partition, refused to allow the agents to inspect the delicatessen's liquor permit and also refused to provide their identities.

### C. THE NOTICE OF VIOLATION

The agents left the delicatessen and returned with two Cleveland police officers. Upon gaining access to the partitioned area and an inspection of the liquor permit, a notice of liquor law violation for selling beer after hours was issued and the appellants were arrested for a violation of R.C. 4301.66 vis-a-vis the obstruction of the agents from inspecting the liquor permit and/or providing identification.

### D. THE APPELLANTS' JOINT MOTION TO DISMISS AND PLEA OF NO CONTEST

On August 22, 1988, the Cleveland Municipal court conducted a hearing with regard to the appellants' joint motion to dismiss the pending charges of a violation of R.C. 4301.66. The trial court, upon the conclusion of the oral hearing, denied the appellants' joint motion to dismiss. The appellants immediately withdrew their plea of not guilty and entered pleas of no contest. The trial court accepted the appellants' change of plea and found the appellants guilty of violating R.C. 4301.66. Each appellant was sentenced to incarceration for a term of thirty days, a fine of $500, and costs. The trial court, however, suspended the terms of incarceration and costs and placed the appellants on probation for a period of one year.

### E. THE APPELLANTS' TIMELY APPEAL

Thereafter, the appellants brought the instant appeal from the trial court's denial of the joint motion to dismiss and the finding of guilt.

### II. THE APPELLANTS' SOLE ASSIGNMENT OF ERROR

The appellants' sole assignment of error is that:

"THE TRIAL COURT ERRED BY DENYING APPELLANTS' MOTION TO DISMISS AND AFTER HEARING TESTIMONY FOLLOWING NO CONTEST PLEAS BY THE APPELLANTS' FINDING THEM GUILTY OF O.R.C. 4301.49 (SIC) INTERFERENCE WITH INSPECTION PROHIBITED. THE TRIAL COURT FAILED TO ADHERE TO THE LAW AS STATED BY THE SUPREME COURT OF OHIO IN THE STATE OF OHIO -VS- VFW POST 3562, 37 OHIO ST. 3RD. PAGE 310 (SIC)."

### A. ISSUE RAISED: TRIAL COURT ERRED IN NOT DISMISSING THE CHARGE OF VIOLATING R.C. 4301.66.

The appellants, in their sole assignment of error, argue that the trial court erred in denying the joint motion to dismiss and in finding the appellants guilty of a violation of R.C. 4301.66. Specifically, the appellants argue that the case of *State* v. *VFW Post 3562* (1988), 37 Ohio St. 3d 310, required that the trial court grant the motion to dismiss on the basis that the agents of the Department of Liquor Control illegally searched the delicatessen and thus the appellants did not obstruct an inspection and did not violate R.C. 4301.66.

This assignment of error is not well taken.

### B. THE HOLDING OF *STATE* v. *VFW POST 3562*

The Supreme Court of Ohio, in *State* v. *VFW Post 3562, supra,* established that R.C. 4301.10(A)(4), (6) and (7), which provided for a warrantless administrative search by agents of the Department of Liquor Control, was unconstitutional.

"R.C. 4301.10(A)(4), (6), and (7) and Ohio Adm. Code 4301 : 1 - 1 - 53 are unconstitutional insofar as they fail to establish time, place, and scope limitations on warrantless administrative searches of liquor establishments by agents of the Department of Liquor Control." *State* v. *VFW Post 3562, supra,* paragraph one of the syllabus.

### C. *STATE* v. *VFW POST 3562* NOT APPLICABLE

The decision of the Ohio Supreme Court, as found in *State* v. *VFW Post 3562, supra,* is not applicable to the case *sub judice.* In *VFW Post 3562,* agents of the Department of Liquor Control conducted a warrantless administrative search which in effect amounted to a "fishing expedition". Herein, agents of the Department of Liquor Control directly observed a liquor law violation through the after hours sale of beer and were attempting to issue a liquor law violation notice.

### D. THE APPELLANTS DID OBSTRUCT AN INSPECTION IN VIOLATION OF R.C. 4301.66

The appellants, through their course of conduct, obstructed and/or prevented the agents of the Department of Liquor Control from inspecting the delicatessen's liquor permit which was necessary for the issuance of a violation

notice. In addition, the appellants failed to properly identify themselves to the agents of the Department of Liquor Control which in turn was necessary for the issuance of a violation notice. Clearly, the Department of Liquor Control did not conduct an illegal warrantless administrative search for the purpose of obtaining evidence to support a violation notice. The appellants did in fact obstruct the agents from inspecting the delicatessen's liquor permit. Cf. *Harlem Social Club, Inc.* v. *Liquor Control Board* (1958), 107 App. 95.

### E. CONCLUSION

Therefore, the trial court did not err in denying the appellants' joint motion to dismiss nor did the trial court err in finding them guilty of violating R.C. 4301.66.

The appellants' sole assignment of error is not well taken and the judgment of the trial court is affirmed.

*Judgment affirmed.*

CORRIGAN, P.J., and NAHRA, J., concur.